FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2016 JAN 26  PM 2: 59

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

JORGE CARRILLO,
                          Movant,

-vs-                                               Case No.  A-15-CA-724-SS
                                                   [No. A-12-CR-234 (2)-SS]

UNITED STATES OF AMERICA,
                          Respondent.

_____

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Movant Jorge Carrillo's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [#771], Movant's memorandum in support [#774], the Government's Response [#807] thereto, and Movant's Motion for Leave of Court to Conduct Discovery Pursuant to Rule 6 of the Federal Rules Governing § 2255 Proceedings [#775].  Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

On June 19, 2012, Movant Jorge Carrillo was charged in a one-count indictment with conspiracy to possess with intent to distribute one kilogram or more of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). Following a full trial on the merits, on February 14, 2013, a jury convicted Carrillo of the offense charged, and on May 3, 2013, this Court sentenced Carrillo to 188 months' imprisonment with five years of supervised release to follow.  In calculating his sentence under the Sentencing Guidelines, the Court found Carrillo's base offense level was 36, which carried a sentencing range of 188–235 months'



imprisonment, and did not consider a downward adjustment for acceptance of responsibility pursuant to § 3E1.1 of the Sentencing Guidelines because Carrillo put the Government to its proof. The Court further ordered Carrillo to pay a fine of $6,000 and a $100 mandatory special assessment. Finally, the Court ordered Carrillo to forfeit $22,670 to the Government.

Carrillo appealed on May 10, 2013, and on June 12, 2014, the Fifth Circuit affirmed this Court's judgment. Carrillo filed the instant § 2255 petition on August 19, 2015. *See* Mot. Vacate [#771]. On September 15, 2015, the Government filed its first response, which incorrectly argued Carrillo's petition was time-barred. *See* [First] Resp. [#777]; Order of Dec. 15, 2015 [#800]. The Court ordered the Government to file a new response addressing the substance of Carrillo's arguments, which the Government submitted on January 13, 2016. *See* Resp. [#807]. The § 2255 motion is now ripe for decision.

## Analysis

In his § 2255 motion, Carrillo asserts the following grounds for relief: (1) prosecutorial misconduct "for failing to produce discovery regarding the wiretap and for improper comment in the closing argument"; (2) ineffective assistance of counsel "[f]or failing to advise [him] to plea[d] guilty after the Court denied [his] [m]otion to suppress electronic surveillance"; (3) ineffective assistance of counsel for failing to investigate whether the wiretap was lawful; (4) ineffective assistance of counsel "[f]or failing to object . . . to the jury instruction[s]"; and (5) ineffective assistance of counsel "[f]or failing to object that the government failed to minimize the wiretap." Mot. Vacate [#771] 5–6. As set forth below, the Court finds: (1) Carrillo's prosecutorial misconduct claim is barred for failure to show cause; (2) Carrillo is entitled to an evidentiary hearing on his first ineffective assistance claim, as there is a material, disputed issue of fact concerning counsel's alleged

failure to advise Carrillo regarding his guilty plea; and (3) Carrillo's remaining ineffective assistance claims lack merit.

## I.      Legal Standard

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the District Court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).  Section 2255 is an extraordinary measure; it cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal.  *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990).  If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice."  *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).  In addition, a defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both "cause" for his procedural default, and "actual prejudice" resulting from the error.  *Placente*, 81 F.3d at 558.

## II.     Application

## A.      Prosecutorial Misconduct

First, the Court finds Carrillo's prosecutorial misconduct claim is procedurally barred, as Carrillo has failed to show cause for the failure to bring this claim on direct appeal.  *See United States v. Carrillo*, 560 F. App'x 429, 430 (5th Cir. 2014) (mem. op.) (noting Carrillo's "only claim on appeal" is that the Court erred in denying his motion to suppress).  The prosecutor's statements

during closing were obviously known to Carrillo at the time of his appeal, and Carrillo does not explain why he failed to raise prosecutorial misconduct before the Fifth Circuit. Accordingly, Carrillo's prosecutorial misconduct claim is procedurally barred for failure to show cause. *See Placente*, 81 F.3d at 558.

**B.      Ineffective Assistance**

To prevail on an ineffective assistance of counsel claim, Carrillo must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004) (citing *Strickland*). First, Carrillo must demonstrate that his counsel's performance fell below an objective standard of reasonableness. *Id.* Second, Carrillo must prove that he was prejudiced by counsel's substandard performance. *Id.* To prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *United States v. Conley*, 349 F.3d 837, 841–42 (5th Cir. 2003)).

**1.      Failure to advise Carrillo to plead guilty**

Carrillo's chief ineffective assistance claim is that his attorney failed to advise him to plead guilty, as had he done so and received the three-point reduction for acceptance of responsibility, he would have been sentenced to 135 months in prison, rather than 188 months. Specifically, Carrillo complains his attorney did not "inform [him] of the strength of the prosecution's case, especially, [sic] after the Court denied [his] motion to suppress electronic surveillance," and failed to tell him "that he could have pleaded guilty and received 3-points reduction for acceptance of responsibility even if the government did not offer him a plea." Mem. [#774] at 3.

-4-

"One of the most precious applications of the Sixth Amendment may well be in affording counsel to advise a defendant concerning whether he should enter a plea of guilty." *Grammas*, 376 F.3d at 436. Further, "any amount of actual jail time has Sixth Amendment significance, which constitutes prejudice for purposes of the *Strickland* test." *Id.* (quoting Conley, 349 F.3d at 842). As such, counsel's alleged failure to inform Carrillo he could receive a reduced sentence by pleading guilty even in the absence of a plea bargain with the Government, if proven, has constitutional significance.

Carrillo appends an affidavit to his § 2255 memorandum, swearing to the truth of his factual allegations. *See* Mem. [#774-1] Ex. 1 (Carrillo Aff.); *id.* [#774] at 18 (notary's signature and seal). The Government submits a competing affidavit from Carrillo's counsel, Rip Collins, who recounts the steps he took in attempting to negotiate a plea bargain, discussing the evidence with Carrillo, and making the choice, with Carrillo's consent, to go to trial rather than plead guilty. *See* Resp. [#807-1] Ex. A (Collins Aff.). Given the competing affidavits in the record, there exists a contested factual issue material to Carrillo's ineffective assistance claim.

As the Government acknowledges in its response, given the absence of additional evidence in support of either affidavit, Circuit precedent suggests an evidentiary hearing on this issue is required. Resp. [#807] at 5; *see United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981) ("Contested fact issues in a § 2255 case ordinarily may not be decided on affidavits alone, unless the affidavits are supported by other evidence in the record."); *United States v. Havens*, 450 F. App'x 363, 364–65 (5th Cir. 2011) (holding district court abused its discretion by failing to hold an evidentiary hearing where petitioner claimed ineffective assistance on grounds counsel failed to advise petitioner of the benefits of pleading guilty and inform petitioner of the Government's plea

offers).  Accordingly, by separate order, the Court will appoint counsel for Carrillo and schedule an evidentiary hearing to resolve the question whether Carrillo's attorney failed to inform him "that he could have pleaded guilty and received 3-points reduction for acceptance of responsibility even if the government did not offer him a plea."

The Court cautions Carrillo his testimony at hearing will be sworn and elicited under penalty of perjury.

### 2.    Failure to investigate the lawfulness of the wiretap

Carrillo next argues his attorney was ineffective for allegedly failing to investigate whether the wiretap on Jovita's Restaurant was illegally obtained.  The Court rejects this argument.  First, this claim is based on nothing more than Carrillo's unsupported, conclusory allegation that his counsel took "no action" after an American Civil Liberties Union staff attorney informed his counsel of "a slide that appears to describe NSA's monitoring of a 'Restaurant in Texas to identify narcotics smuggler.'"  Mem. [#774] at 11.  Carrillo does not append an affidavit from the ACLU attorney attesting to this conversation.  Second, Carrillo's attorney specifically argued for suppression of the wiretap communications on grounds the affidavits authorizing the wiretaps were:

> clearly deficient in meeting the burden to authorize the interception of electronic communications.  An investigation had been ongoing for years, with a number of cooperating individuals, arrests, seizure of contraband and physical surveillance. The affidavit[s] established that normal investigative methods were possible and practicable and thus the interception of communications was not warranted. . . . [A]ll of the statements . . . regarding the impracticality and the failure of normal surveillance are knowingly false, untrue, and deceptive.

Mot. Suppress [#392] at 2.

Given all of the above, the Court finds Carrillo has failed to establish deficient performance on his claim counsel failed to investigate the lawfulness of the wiretap. Additionally, the Court denies Carrillo's related motion requesting discovery on the question whether the wiretap was illegal.

**3.     Failure to object to the jury instructions**

Carrillo further contends counsel was ineffective for failing to object to two portions of the jury instructions: first, the instruction "you are permitted to draw such reasonable inferences from the testimony and the exhibits as you feel are justified in the light of common experience"; and second, the use of the word "accomplice" to describe certain co-defendants. *See* Mem. [#774] at 10–11. This argument is rejected. The Fifth Circuit's pattern jury instructions permit both instructions. *See* COMM. ON PATTERN JURY INSTRS., FIFTH CIRCUIT, PATTERN JURY INSTRUCTIONS (CRIMINAL CASES) at 1.07, 1.15.[1] Counsel is not ineffective for failing to raise a futile objection. *E.g.*, *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (citation omitted).

**4.     Failure to object that the government failed to minimize the wiretap**

Finally, Carrillo claims counsel was ineffective for failing to object on grounds the government failed to minimize the scope of the wiretap. This argument is factually inaccurate. In Carrillo's motion to suppress the wiretap communications, counsel specifically argued "[t]he Government failed to minimize its interception of conversations as required by 18 U.S.C. § 2518(5)." Mot. Suppress [#392] at 4. Carrillo is not entitled to relief on this claim.

**Conclusion**

All of Carrillo's claims save one—his allegation counsel was ineffective by failing to inform Carrillo he could plead guilty and receive a reduction in his sentence absent a plea bargain with the

---

[1] *Available at* http://www.lb5.uscourts.gov/juryinstructions/.

Government—lack merit, and are denied.  The Court will appoint counsel and schedule an evidentiary hearing to resolve Carrillo's single remaining claim, which the Court holds in abeyance pending hearing.

Accordingly:

IT IS ORDERED that Movant Jorge Carrillo's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [#771] is DENIED IN PART and HELD IN ABEYANCE in part as set forth in this opinion; and

IT IS FINALLY ORDERED that Movant's Motion for Leave of Court to Conduct Discovery Pursuant to Rule 6 of the Federal Rules Governing § 2255 Proceedings [#775] is DENIED.

SIGNED this the 22ᵈ day of January 2016.

SAM SPARKS
UNITED STATES DISTRICT JUDGE

724 ord den 2255 ba.wpd